NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2020[*]
Decided September 4, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2572

| | |
|---|---|
| TANIESHEIA HARDEN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 1931 |
| COMCAST CORPORATION, *Defendant-Appellee*. | Matthew F. Kennelly, *Judge*. |

## O R D E R

After Taniesheia Harden was fired from her job in customer service, she sued her former employer, Comcast Corporation, for unlawful discrimination and a violation of the Illinois Personnel Records Review Act. The district court entered summary judgment on Harden's claim under the Act, and Comcast prevailed at a trial on the discrimination claims. Harden challenges only the entry of summary judgment under

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

the Act. Because in opposing summary judgment Harden failed to point to evidence showing that Comcast violated the Act, and she cannot do so now, we affirm.

Harden sought her personnel records after Comcast fired her for performance issues. Her last job, after 15 years with Comcast, was as a supervisor at a call center in Tinley Park, Illinois. After her discharge, Harden filed a discrimination charge with the Equal Employment Opportunity Commission. Then, a couple months later, she emailed Comcast's human-resources directors, requesting a copy of "all of [her] employee records/files." Comcast mailed her over 400 pages of her employment records. She responded by telling Comcast that she had not received her entire personnel file because the mailing did not include three specific categories of documents: (1) records of her weekly meetings with a supervisor during the last seven months of work, (2) the forms Harden completed as a call-center supervisor to document the resolution of customer complaints, and (3) email correspondence between her and a former subordinate that had led Comcast to place Harden on administrative leave shortly before she was fired. Comcast did not respond.

When Harden did not receive the three groups of further documents that she requested after filing her EEOC charge, Harden, represented by counsel, sued Comcast. Bringing two sets of claims, she alleged that Comcast unlawfully discriminated against her and, by failing to provide the additional documents, violated the Illinois Personnel Records Review Act, 820 ILCS 40/2.

Comcast moved for and received summary judgment under the Act. Noting that 820 ILCS 40/2 covers only records about a worker's "qualifications" for "employment, promotion, transfer, additional compensation, discharge or other disciplinary action," Comcast filed an affidavit of compliance with the Act. Its human-resources director stated that, upon Harden's request, Comcast mailed her "all documents in Comcast's possession used or relied upon by Comcast to determine Harden's qualifications for employment, promotion, transfer, additional compensation, or other disciplinary action." Acknowledging that it had not, until discovery in this case, sent her the three categories of further documents that she wanted, Comcast argued that the Act did not require disclosure of those materials. It explained that Harden filed her charge with the EEOC before requesting any records, 820 ILCS 40/10(f) excludes "records relevant to … [a] pending claim between the employer and employee," and the new request fell within that exception. (Comcast also contended that her claim failed on the ground that she offered no evidence that any nondisclosure harmed her.) In response, Harden did not contest Comcast's statement that the three categories of documents withheld until

discovery fell within an exception to the Act and that Comcast otherwise produced her personal records. Based on Harden's failure to contest Comcast's position, the district court entered summary judgment for Comcast under the Act. A subsequent trial on the discrimination claims resulted in judgment for Comcast.

Harden, proceeding pro se on appeal, argues that even if her opposition to summary judgment was deficient, the district court should have assessed whether a reasonable jury could have concluded that Comcast violated the Act. *See Gerhartz v. Richert*, 779 F.3d 682, 686 (7th Cir. 2015) (even if nonmovant does not respond at all, district court still must assess whether the moving party has met its burden). But Harden invokes this principle incorrectly. First, she attempts to assert, for the first time on appeal, that while she was still employed by Comcast and before she filed her EEOC charge, she made two requests for her personnel records that Comcast ignored. But we must reject her "attempts to inject more facts into the case on appeal than she presented to the district court." *Burton v. Bd. of Regents of Univ. of Wis. Sys.*, 851 F.3d 690, 695 (7th Cir. 2017). Harden waived reliance on any "specific factual arguments that were absent from her briefing below" because Comcast never had an opportunity to counter them, nor did the district court have a chance to pass on them. *Id.* Second, and similarly, with respect to the three categories of documents that she requested after she filed her EEOC charge, she cannot now assert that Comcast needed to cite an exception to the Act *before* she sued. She waived that argument too by failing to raise it in the district court.

Waiver to the side, on our de novo review of the record in the district court, we conclude that no evidence suggests that Comcast violated the Act. The Act requires that, upon an employee's request, the employer must allow the employee to "inspect any personnel documents which are, have been[,] or are intended to be used in determining that employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action, except as provided in [820 ILCS 40/10]." 820 ILCS 40/2. One such exception is "records relevant to any other pending claim between the employer and employee which may be discovered in a judicial proceeding." 820 ILCS 40/10(f). The evidence cited by Comcast and materially uncontradicted by Harden in the district court showed that Comcast provided her all required documents related to determining her qualifications for employment. Furthermore, Comcast permissibly excluded the additional documents that she sought after filing her EEOC charge. Those documents, bearing on her performance, were relevant to her pending claim, were discoverable in this proceeding, and were in fact produced. *See Landwer v. Scitex Am. Corp.*, 606 N.E.2d 485, 489 (Ill. Ct. App. 1992)

(employer did not violate the Act by withholding documents, which otherwise would be subject to disclosure, based on statutory exception). Accordingly, the district court's ruling on summary judgment was correct.

We need not consider Harden's argument that she was not required to show that she was harmed by a violation of the Act because she did not satisfy the initial hurdle of presenting sufficient evidence of a violation.

AFFIRMED